Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

July 27, 2026

**BY ECF**

The Honorable Katherine P. Failla
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re: **United States v. Michael Brown**
**20-CR-524 (KPF)**

Dear Judge Failla,

The defense writes in connection with Michael Brown's sentencing proceedings. Presently, a *Fatico* hearing is scheduled for August 4, 2026, and sentencing is scheduled for September 1, 2026. In connection with the presentence report, the defense made numerous objections affecting the applicable Guidelines calculation, including objections to specific factual findings relevant to Mr. Brown's overall offense level and the Court's application of the section 3553(a) factors. The defense desires an opportunity to brief these objections in the first instance, so that the government may respond in writing and the Court can then determine whether any additional fact-finding through a *Fatico* hearing is necessary. Accordingly, the defense respectfully requests that the Court adjourn the August 4, 2026 *Fatico* hearing date *sine dine*, adjourn sentencing to the week of November 9, 2026, and order the following schedule:

- Defense Sentencing Submission (including objections): September 25, 2026
- Government Sentencing Submission (including responses to objections): October 16, 2026

The Government's Position:

Based on discussions with defense counsel, the Government understands that the defendant continues to object to the application of a number of the enhancements included in Probation and the Government's calculation of the defendant's Guidelines range, as well as certain of the facts in the PSR that are material to the application of those enhancements. Specifically, we understand that while the defendant is no longer planning to object to paragraphs 22 and 35 of the PSR, the defendant maintains the remainder of his objections identified on pages 31 to 40 of the PSR. These objections implicate the calculation of the applicable Sentencing Guidelines, as discussed further

below.

The Government respectfully submits that, consistent with Probation's own determinations in the PSR, the Court should reject the defendant's objections. The documentary record refutes the defendant's position. Should the Court believe that further evidence is needed, however, to resolve the defendant's objections, the Government is prepared to call witnesses for an evidentiary hearing in support of the application of the following enhancements:

1. Whether the Court should apply a two-point enhancement pursuant to USSG §2B1.1(b)(10)(C), because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.

    1. Whether the fraud involved sophisticated means.

    2. Whether Brown intentionally engaged in or caused the conduct that constituted sophisticated means.

2. Whether the Court should apply a four-point enhancement pursuant to USSG §3B1.1(a), because the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive.

    1. Whether Brown was an organizer or leader of Pierce, Lloyd, or any other participant.

    2. Whether the criminal activity was "otherwise extensive."

3. Whether the Court should apply a two-point enhancement pursuant to USSG §3C1.1, because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct, or a closely related offense.

    1. Whether Brown made a materially false statement in the FTC proceedings and/or before this Court.

The Government believes that the following issues can be resolved based on written submissions and need not be addressed at the evidentiary hearing:

1. Whether the Court should apply an 18-point enhancement pursuant to USSG §2B1.1(b)(1)(J), because the loss amount is more than $3,500,000 but not more than $9,500,000.

2. Whether the Court should deny a two-point reduction pursuant to USSG §3E1.1 (a) for acceptance of responsibility, because the application of an obstruction enhancement pursuant to USSG §3C1.1 applies.

3. Whether the Court should deny a two-point reduction pursuant to USSG § 4C1.1, because an aggravating role enhancement pursuant to USSG §3B1.1 applies.

**Government's Proposed Schedule:**

At the defendant's plea hearing on March 30, 2026, the Court scheduled a *Fatico* hearing for August 4, 2026 and set sentencing for September 1, 2026. The Government is prepared to go forward with the hearing on August 4 if needed, and to proceed to sentencing submissions. To the extent the hearing is adjourned, the Government is next available to conduct the hearing during the week of August 24, 2026.

Should the Court elect to hold a hearing and adjourn the schedule for sentencing submissions until after the hearing, the Government proposes that the defense submission be due on September 25, 2026 and the Government submission due on October 16, 2026, with sentencing to follow.

Respectfully Submitted,
/s/
Kristoff Williams
Mark Gombiner
Andrew Dalack
Assistant Federal Defenders
Federal Defenders of New York
(212) 417-8791

The Court has reviewed the parties' letter dated July 27, 2026, but has not yet decided whether a *Fatico* hearing with live testimony is necessary. The Court will review the parties' sentencing submissions and schedule a *Fatico* hearing at a later date only if the Court cannot decide the factual dispute on the papers alone. Accordingly, the application to adjourn the *Fatico* hearing is GRANTED. The *Fatico* hearing is hereby ADJOURNED *SINE DIE*.

In addition, the parties' application to adjourn the sentencing hearing is GRANTED. The sentencing hearing currently scheduled for September 4, 2026, is hereby ADJOURNED to **December 15, 2026**, at **3:00 p.m.**

Defense shall file its sentencing submission, including its objections to specific factual findings relevant to Mr. Brown's sentencing, on or before **October 9, 2026.** The Government shall file its sentencing submission, including its responses and objections to specific factual findings, on or before **October 30, 2026.**

Dated: July 31, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE